**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JOVAN PAYNE,

    Petitioner,                                            Civil No. 2:06-CV-12873
                                                                       HONORABLE VICTORIA A. ROBERTS
v.                                                            UNITED STATES DISTRICT JUDGE

S.L. BURT,

    Respondent,
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

Jovan Payne, ("Petitioner"), presently confined at the Southern Michigan Correctional Facility in Jackson, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* habeas petition, Petitioner challenges his conviction for unarmed robbery, M.C.L.A. 750.530. For the reasons stated below, the Petition for Writ of Habeas Corpus is **DISMISSED WITHOUT PREJUDICE.**

### I. Background

Petitioner pleaded *nolo contendere* in the Wayne County Circuit Court to the charge of unarmed robbery. On July 19, 2005, Petitioner was sentenced to six to fifteen years in prison. According to Petitioner's habeas application, his appeal to the Michigan Court of Appeals is "in process" and remains pending before that court. There is no indication that Petitioner has exhausted his claims with the Michigan Court of Appeals or with the Michigan Supreme Court.

Petitioner has now filed the instant petition for writ of habeas corpus, in which he

Dockets.Justia.com

seeks habeas relief from his conviction.

## II. Discussion

The instant petition must be dismissed, because Petitioner has not yet exhausted his state court remedies with respect to his conviction, due to the fact that his appeal remains pending in the Michigan Court of Appeals.

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his or her available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c). *Picard v. Connor*, 404 U. S. 270, 275-78 (1971); *Foster v. Withrow,* 159 F. Supp. 2d 629, 638 (E.D. Mich. 2001). The Antiterrorism and Effective Death Penalty Act (AEDPA) preserves the traditional exhaustion requirement, which mandates dismissal of a habeas petition containing claims that a petitioner has a right to raise in the state courts but has failed to do so. *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). A prisoner confined pursuant to a Michigan conviction must raise each habeas issue in both the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas corpus relief. *Mohn v. Bock,* 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002). A habeas petitioner has the burden of proving that he or she has exhausted his or her state court remedies. *Sitto v. Bock,* 207 F. Supp. 2d 668, 675 (E.D. Mich. 2002). The failure to exhaust state court remedies may be raised *sua sponte* by a federal court. *Benoit v. Bock,* 237 F. Supp. 2d 804, 806 (E.D. Mich. 2003); 28 U.S.C. § 2254(b)(3).

Federal habeas corpus relief is unavailable to a state prisoner who fails to allege that he or she has exhausted his or her available state court remedies. *See Granville v.*

*Hunt,* 411 F. 2d 9, 11 (5th Cir. 1969). In the present case, the instant petition is subject to dismissal, because Petitioner has failed to allege or indicate in his petition that he has exhausted his state court remedies. *See Peralta v. Leavitt,* 56 Fed. Appx. 534, 535 (2nd Cir. 2003); *See also Fast v. Wead,* 509 F. Supp. 744, 746 (N.D. Ohio 1981). Indeed, it appears from the pleadings that Petitioner's appeal remains pending in the Michigan Court of Appeals. A habeas petition should be denied on exhaustion grounds where a state appeal or post-conviction motion remains pending. *See e.g. Juliano v. Cardwell*, 432 F. 2d 1051 (6th Cir. 1970). Moreover, if Petitioner were to receive an adverse decision from the Michigan Court of Appeals, he would be required to seek leave to appeal from the Michigan Supreme Court in order to satisfy the exhaustion requirement. In order to exhaust a claim for federal habeas review, a petitioner must present each ground to both state appellate courts, even where the state's highest court provides only discretionary review. *Foster,* 159 F. Supp. 2d at 638 (citing *O'Sullivan v. Boerckel,* 526 U.S. 838, 845-47 (1999)). Petitioner's claims are unexhausted and the petition is subject to dismissal.

      Petitioner has failed to exhaust his state court remedies and still has an available state court remedy with which to do so. Although a district court has the discretion to stay a mixed habeas petition containing both exhausted and unexhausted claims to allow the petitioner to present his unexhausted claims to the state court in the first instance, *See Rhines v. Weber,* 125 S. Ct 1528 (2005), in this case, a stay of Petitioner's application for a writ of habeas corpus would be inappropriate, because all of Petitioner's claims are unexhausted and thus, the Court lacks jurisdiction over the petition while Petitioner

pursues his claims in state court. *See Hust v. Costello,* 329 F. Supp. 2d 377, 380 (E.D.N.Y. 2004); *See also McCreary v. Smith,* 2005 WL 1349114, * 3 (E.D. Mich. May 25, 2005).

In addition, the present habeas petition was filed with this Court before Petitioner's conviction became final with the state courts pursuant to 28 U.S.C. § 2244(d)(1)(A). Because the one year limitations period has yet to begin running in this case, Petitioner would not be prejudiced if his habeas petition was dismissed without prejudice during the pendency of his state court appeal. Thus, a stay of the proceedings is not necessary or appropriate to preserve the federal forum for petitioner's claims. *See Schroeder v. Renico,* 156 F. Supp. 2d 838, 845-46 (E.D. Mich. 2001).

### III.  ORDER

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus is **DISMISSED WITHOUT PREJUDICE.**

> S/Victoria A. Roberts
> Victoria A. Roberts
> United States District Judge

Dated:  July 6, 2006

> The undersigned certifies that a copy of this document was served on the attorneys of record and pro se petitioner by electronic means or U.S. Mail on July 6, 2006.
>
> S/Carol A. Pinegar
> Deputy Clerk